UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA-

------------------------------------------------------------------------x

Lori Baumann,

         Plaintiff,                                                  C.A. No.: 5:21-cv-179

    -against-                                                **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Credit Union of Colorado,

         Defendant(s).

------------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Lori Baumann ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), and Defendant Credit Union of Colorado ("Credit Union") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Marion.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Florida, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, Florida 32301.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged un the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Credit Union of Colorado, is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 1390 Logan Street, Denver, Colorado, 80203.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to her Credit Union account.

12. The inaccurate information furnished by Defendant Credit Union and published by Equifax is inaccurate since the account is listed as charged off and closed, yet maintains an open balance.

13. Furthermore, the balance is inaccurate since it lists it as $450 when the charge off amount is $373.

14. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

15. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting on or around June 16, 2020.

16. It is believed and therefore averred that Defendant Equifax notified Defendant Credit Union of the Plaintiff's dispute.

17. Upon receipt of the dispute of the account from Equifax, Credit Union failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

18. Had Credit Union done a proper investigation it would have been revealed to Credit Union that the account balance was being improperly reported.

19. Additionally, Defendant Credit Union failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

20. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

21. Equifax violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute letter.

22. Notwithstanding, Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

23. As of the date of the filing of this Complaint, Defendant Credit Union continues to furnish credit data which is inaccurate and materially misleading, and Equifax's reporting of the above-referenced tradeline continues to be inaccurate and materially misleading.

24. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

**(Willful Violation of the FCRA as to Equifax)**

25. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

26. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

27. Equifax violated 15 U.S.C § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

28. Equifax has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax has notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

  h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

29. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

30. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

31. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff Lori Baumann, an individual, demands judgement in her favor against Defendant Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Equifax)**

32. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

33. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

34. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which verify the disputed information in the credit file of the Plaintiff.

35. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

36. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

37. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff damages under 15 U.S.C. § 1681o.

38. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff Lori Baumann, an individual, demands judgment in her favor against Defendant Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Credit Union)

39. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

40. This is an action willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

41. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

42. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

43. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed must report the results to other agencies which were supplied such information.

44. The Defendant Credit Union violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

45. Specifically, the Defendant Credit Union continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account balance.

46. Additionally, Defendant Credit Union failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute

47. As a result of the conduct, action and inaction of the Defendant Credit Union, the Plaintiff suffered damage for the loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

48. The conduct, action and inaction of Defendant Credit Union was willful, rendering Defendant Credit Union liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

49. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Credit Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff Lori Baumann, an individual, demands judgement in her favor against Defendant Credit Union for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Defendant Credit Union)**

50. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein with the same force as if the same were set forth at length herein.

51. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

52. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

53. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

54. The results of the investigation must be reported to the agency, and if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied with such information.

55. Defendant Credit Union is liable to the Plaintiff for failing to comply with the requirements imposed by furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

56. After receiving the Dispute Notice from Equifax, Defendant Credit Union negligently failed to conduct its reinvestigation in good faith.

57. A reasonable investigation would require a furnisher such as Defendant Credit Union to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

58. Had Credit Union done a reasonable investigation it would have seen that the account balance was improperly listed and updated it to reflect the proper balance.

59. Additionally, Defendant Credit Union failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute

60. The conduct, action and inaction of the Defendant Credit Union, the Plaintiff suffered damage for loss of credit, loss of ability to purchase and benefit from credit and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

61. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Credit Union, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

## DEMAND FOR TRIAL BY JURY

62. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgement from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 25, 2021

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com
*Attorney for Plaintiff*